146 A.3d 645

IN THE MATTER OF JEFFREY K. MARTIN AN ATTORNEY AT LAW (ATTORNEY NO. 018271981)

September 21, 2016.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15-275, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20-14((a)(4), **JEFFREY K. MARTIN** of **WILMINGTON, DELAWARE,** who was admitted to the bar of this State in 1981, should be suspended from the practice of law for a prospective period of six months based on discipline imposed in Delaware for unethical conduct that in New Jersey constitutes violations of *RPC* 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), *RPC* 5.3(a)(failure to supervise a nonlawyer assistant), *RPC* 5.4(a)(paying to or sharing fees with a suspended or disbarred attorney), *RPC* 5.5(a)(2)(assisting in the unauthorized practice of law), *RPC* 8.4(d)(conduct prejudicial to the administration of justice), and *Rule* 1:20-20(b)(13);

And the Court having determined from its review of the matter that the term of suspension should be retroactive to the date of discipline in Delaware;

And good cause appearing;

It is ORDERED that **JEFFREY K. MARTIN** is suspended from the practice of law for a period of six months, retroactive to November 18, 2014, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20-20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for' a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10-2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20-17.